IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SMS DEMAG AKTIENGESELLSCHAFT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-cv-0333-MJR |
| ) | |
| **MATERIAL SCIENCES CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. FACTS AND PROCEDURAL POSTURE

This order concerns Defendant's motion to dismiss pursuant to **Fed. R. Civ. P. 12(b)(6)** (Doc. 27). Plaintiff SMS Demag AG and Defendant Material Sciences Corp. entered into a contract where Defendant would lease some of its technology to Plaintiff to use in Plaintiff's manufacturing business and for the purposes of sale. On May 14, 2004, Plaintiff filed suit in this Court alleging, inter alia, breach of contract, breach of warranty, and breach of the duty of good faith and fair dealing. These are the only allegations remaining now that Plaintiff has filed its second amended complaint (Doc. 25). Defendant moved to dismiss Plaintiff's second amended complaint for failure to state a claim upon which relief can be granted, pursuant to **Fed. R. Civ. P. 12(b)(6)** (Doc. 27).

### II. STANDARD FOR DISMISSAL

In considering a motion to dismiss under **Fed. R. Civ. P. 12(b)(6)**, the Court accepts as true all well-pleaded factual allegations and resolves in plaintiff's favor all reasonable

1

inferences. *See, e.g., Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623, 625 (7th Cir. 2001). Dismissal for failure to state a claim is only proper if the plaintiff can prove no set of facts in support of his claims which would entitled him to relief. *See, e.g., Alper v. Altheimer & Gray*, **257 F.3d 680, 684 (7th Cir. 2001)**. If it is possible to hypothesize a set of facts consistent with the complaint that would entitle the plaintiff to relief, dismissal is inappropriate. *See id.* **at 684.**

### III. APPLICATION OF THE STANDARD TO DISMISSAL TO THE FOUR REMAINING COUNTS

The Court now examines each of the four counts remaining in Plaintiff's second amended complaint in the context of the standard for dismissal set forth above.

**A. COUNTS I AND II: BREACH OF CONTRACT**

In Illinois, a proper claim for breach of contract must plead four elements: (1) that a valid contract exists; (2) that the plaintiff has performed under the contract; (3) that defendant failed to perform the contract; and (4) that plaintiff was injured by defendant's breach. *See Priebe v. Autobarn, Ltd.*, **240 F.3d 584, 587 (7th Cir. 2001).**

Defendant claims that Plaintiff has failed to state a valid claim for relief based upon breach of contract because it did not allege that Defendant had not performed any expressly undertaken duties in the contract. Defendant claims that under the contract it did not have the obligations that Plaintiff claimed went unperformed. However, if any extrinsic evidence can be introduced, even for the purpose of establishing an ambiguity, the nature of contractual obligations is a question of fact:

> (1) The interpretation of an integrated agreement is directed to the meaning of the terms of the writing or writings in the light of the

> circumstances, in accordance with the rules stated in this Chapter.
> (2) A question of interpretation of an integrated agreement is to be determined by the trier of fact if it depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence. ...
> It is sometimes said that extrinsic evidence cannot change the plain meaning of a writing, but meaning can almost never be plain except in a context. Accordingly, the rule stated in subsection (1) is not limited to cases where it is determined that the language used is ambiguous. Any determination of meaning or ambiguity should only be made in the light of the relevant evidence of the situation and relations of the parties, the subject matter of the transaction, preliminary negotiations and statements made therein, usages of trade, and the course of dealing between the parties.

**Restatement (Second) of Contracts § 212 (1981) and comment *b*; *see also* 5 Corbin, *Contracts* § 24.30 (4th ed. 1998).** The Seventh Circuit has referenced the Restatement approvingly, and has ruled on several occasions that unless a contract provision can have only one meaning, its interpretation is a matter for the trier of fact. *See Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518, 1521 (7th Cir. 1989)("The black-letter procedural rule is that the meaning of a written contract is a question of law and is therefore to be decided by the judge rather than by the jury ... . The old rule has, however, largely given way to a new one, that the question of meaning is for the jury unless it can be answered in only one way."); *LaSalle Nat'l Bank v. Serv. Merch. Co.*, 827 F.2d 74, 78 (7th Cir. 1987); *W. Indus., Inc. v. Newcor Canada, Ltd.*, 739 F.2d 1198, 1205 (7th Cir. 1984); *see also Meyers v. Selznick Co.*, 373 F.2d 218, 222-23 (2d Cir. 1966) (Friendly, J.). One case that dismissed a breach of contract claim for failure to state a claim was *Truserv Corp. v. Chaska Bldg. Ctr.*, 2003 U.S. Dist. LEXIS 3293 (N.D. Ill. 2003). But in that case, the alleged breach was an action the contract explicitly allowed the defendant. Thus *Truserv* is inapplicable.

Exhibits G and J of Plaintiff's second amended complaint purport to be evidence of Defendant's breached duties under the licensing agreement. Defendant contends that these exhibits, which are documents produced during the course of performance by both parties, did not formally modify the written agreement made by the parties. This is a classic "question of fact" scenario that is ineligible for dismissal.

**B.  COUNT VI: BREACH OF WARRANTY**

Defendant contends that it breached none of the warranties it extended in the written contract. Plaintiff alleges that the contract necessarily implied warranties, which Defendant breached. It is well established that warranties may be implied in the course of dealing. *See* **Restatement (Second) of Contracts § 223 (1981).** The contract itself concerned the licensing of technology. When items are actually purchased, an offer to sell implies a warranty of title. *See* **Restatement (Second) of Contracts § 24 (1981)**. When a contract right is assigned, the assignor warrants to the assignee that "he will do nothing to defeat or impair the value of the assignment." *See* **Restatement (Second) of Contracts § 333(1)(a) (1981).** Although the licensing of technology is neither the sale of an item nor the assignment of a contract right, it is a transaction that is sufficiently analogous to those, such that it is conceivable that a warranty was implied. Thus dismissal is unwarranted.

**C.  COUNT VII: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

Every contract coming under the penumbra of Illinois law contains an implied covenant of good faith and fair dealing. *See Case v. Forloine*, **639 N.E.2d 576 (Ill. App. 1993);** *Srivastava v. Russell's Barbecue, Inc.*, **523 N.E.2d 30 (Ill. App. 1988);** *Osten v. Shah*, **433 N.E.2d 294 (Ill. App. 1982).** However, breach of the duty of good faith and fair dealing is not

grounds for an independent cause of action in Illinois. *See Korogluyan v. Chicago Title & Trust Co.*, 572 N.E.2d 1154 (Ill. App. 1991); *see also, e.g., Echo, Inc. v. Whitson Co.*, 121 F.3d 1099, 1105-06 (7th Cir. 1997); *Baxter Healthcare Corp. v. O.R. Concepts*, 69 F.3d 785, 792 (7th Cir. 1995). Rather, the duty of good faith and fair dealing is a principle that aids the construction of contracts. *See Echo*, 121 F.3d at 1106; *Beraha v. Baxter Healthcare Corp.*, 956 F.2d 1436, 1443 (7th Cir. 1992); *Kham & Nate's Shoes No. 2 v. First Bank of Whiting*, 908 F.2d 1351, 1357 (7th Cir. 1990). Thus Plaintiff cannot state a claim for relief based on the breach of this duty, and this count may be dismissed for this defect.

## IV.  ORDER

For the above stated reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss the complaint (Doc. 27). Specifically, the Court **DISMISSES** Count VII of Plaintiff's complaint with prejudice. Counts I, II, and VI remain.

**IT IS SO ORDERED.**

**DATED this 29th day of September, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
