IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SMS DEMAG AKTIENGESELLSCHAFT, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 04-cv-0333-MJR ) |
| MATERIAL SCIENCES CORPORATION, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**I. FACTS AND PROCEDURAL POSTURE**

This order concerns Defendant's motion to reconsider pursuant to **Fed. R. Civ. P. 59(e)** (Doc. 44). Plaintiff SMS Demag AG and Defendant Material Sciences Corp. entered into a contract where Defendant would lease some of its technology to Plaintiff to use in Plaintiff's manufacturing business and for the purposes of sale. On May 14, 2004, Plaintiff filed suit in this Court alleging, *inter alia*, breach of contract, breach of warranty, and breach of the duty of good faith and fair dealing. Those were the only allegations remaining after Plaintiff filed its second amended complaint (Doc. 25). Defendant moved to dismiss Plaintiff's second amended complaint for failure to state a claim upon which relief can be granted, pursuant to **Fed. R. Civ. P. 12(b)(6)** (Doc. 27). This Court granted in part and denied in part, dismissing Count VII but leaving Counts I, II, and VII (Doc. 43). Now, Defendants move to reconsider that order (Doc. 44), claiming that this Court based its decision on "manifest errors of law."

**II. STANDARDS OF LAW**

1

**A. FOR RECONSIDERATION**

A motion to reconsider served within 10 days of the Court's decision is treated as falling under **Fed. R. Civ. P. 59(e)**. *See, e.g.*, **Britton v. Swift Transp. Co., Inc.**, **127 F.3d 616, 618 (7th Cir. 1997); Russell v. Delco Remy Div. of Gen. Motors Corp.**, **51 F.3d 746, 750 (7th Cir. 1995); United States v. Deutsch**, **981 F.2d 299, 301 (7th Cir. 1992)**. Under that rule, the Court will reconsider and alter its decision if it has made a "manifest error of law of fact." *See, e.g.*, **Moro v. Shell Oil Co.**, **91 F.3d 872, 876 (7th Cir. 1996);** *see also* **Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.**, **762 F.2d 557, 561 (7th Cir. 1985).** Motions to reconsider may not introduce new arguments. *See* **Caisse Nationale de Credit Agricole v. CBI Indus., Inc.**, **90 F.3d 1264, 1270 (7th Cir. 1996)("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); Bally Export Corp. v. Balicar Ltd.**, **804 F.2d 398, 404 (7th Cir. 1986)(motion to reconsider is not appropriate vehicle to introduce new legal theories); Publishers Res.**, **762 F.2d at 561 (motion to reconsider should not serve as vehicle "to tender new legal theories for the first time").**

**B. FOR DISMISSAL**

Dismissal for failure to state a claim is only proper if the plaintiff can prove no set of facts in support of his claims which would entitled him to relief. *See, e.g.*, **Alper v. Altheimer & Gray**, **257 F.3d 680, 684 (7th Cir. 2001)**. If it is possible to hypothesize a set of facts consistent with the complaint that would entitle the plaintiff to relief, dismissal is inappropriate. *See id.* **at 684.**

**III. APPLICATION OF THE STANDARD FOR RECONSIDERATION**

The Court now examines each of the three remaining counts remaining in Plaintiff's second amended complaint in the context of the standard for reconsideration set forth above.

**A.  COUNTS I AND II: BREACH OF CONTRACT**

In Illinois, a proper claim for breach of contract must plead four elements: (1) that a valid contract exists; (2) that the plaintiff has performed under the contract; (3) that defendant failed to perform the contract; and (4) that plaintiff was injured by defendant's breach.  ***See Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir.  2001).**

Defendant claims that Plaintiff has failed to state a valid claim for relief based upon breach of contract because it did not allege that Defendant had not performed any expressly undertaken duties in the contract.  Defendant claims that under the contract it did not have the obligations that Plaintiff claimed went unperformed.  This Court cited the **Restatement (Second) of Contracts** and **Corbin on Contracts** for the proposition that contract interpretation is a matter that must be left to a finder of fact unless the meaning cannot reasonably be open to interpretation.  The Seventh Circuit has referenced the Restatement approvingly, and has ruled on several occasions that unless a contract provision can have only one meaning, its interpretation is a matter for the trier of fact.  ***See  Agfa-Gevaert, A.G. v.  A.B. Dick Co.*, 879 F.2d 1518, 1521 (7th Cir.  1989);  *LaSalle Nat'l Bank v.  Serv.  Merch.  Co.*, 827 F.2d 74, 78 (7th Cir.  1987);  *W.  Indus., Inc.  v.  Newcor Canada, Ltd.*, 739 F.2d 1198, 1205 (7th Cir.  1984);  *see also Meyers v.  Selznick Co.*, 373 F.2d 218, 222-23 (2d Cir.  1966) (Friendly, J.).**

After examining the contract between the two parties, it seems that some clauses are open to interpretation.  Sections 6 and 9 of the contract, among others, contemplate an ongoing relationship between the parties and leave substantial portions of the details of that ongoing

relationship to the "mutual agreement of the parties." This is inconsistent with the sort of patently unsustainable or "open and shut case" required by the standard for **Rule 12(b)(6)** dismissal.

**B. COUNT VI: BREACH OF WARRANTY**

Defendant asserts that any discussion of implied warranties is irrelevant because Plaintiff never mentions implied warranties in its Complaint. It is true that this Court first mentioned the word "implied." But the word was used to illustrate the fact that the clauses in question may have multiple meanings within a reasonable interpretation of the contract. Whether Plaintiff used the phrase "implied warranty" is irrelevant, so long as they have alleged that Defendants owed some duty under a contract warranty which went unfulfilled. The omission of a legal term does not convince the Court that a case should be dismissed for failure to state a claim when the complaint pleads facts which, if true, could state a claim for breach of warranty.

Defendant also presents in its motion to reconsider an argument not found in any of its previous motions: that there can be no implied warranties in a technology licensing transaction. At the outset, the Court notes that new arguments may not be raised at this juncture. *See* **II.A** *supra***.** Therefore, any "manifest errors of law" made by the Court are due in large part to Defendant's manifest failure to properly argue its case. However, the Court will briefly address the argument nonetheless. Defendant cites in support of its argument **§ 10.9** of Melvin Jager's *Licensing Law Handbook* **(West 2005)**. That book cites just one case, *Cordis Corp. v. Medtronic***, 780 F.2d 991, 996 (Fed. Cir. 1985)**, which itself cites a case that is then cited by Defendant: *Troxel Mfg. Co. v. Schwinn Bicycle Co.***, 465 F.2d 1259-60 (6th Cir. 1971)**. The aspect of licensing transactions discussed in those cases, however, was the possibility that a patent might have been invalidly or erroneously issued by the government, and might later be revoked. In *Troxel*, the licensee sought

4

to recoup royalties paid to a patent owner during its continued commercial use of the licensed technology even while it knew there were contemporaneous third-party attacks on the patent's validity. The Sixth Circuit mentioned the lack of a Congressionally created warranty on patents to underscore that it would not grant equitable relief to a party with unclean hands, not to declare that technology licensing transactions are outside normal contract laws. In the case at bar, Plaintiff contends that Defendant did not have the right to license the technology and/or that it failed to maintain the right. *Cordis* and *Troxel* are inapposite.

## IV. ORDER

For the above stated reasons, the Court **DENIES** Defendant's motion to reconsider (Doc. 45). Counts I, II, and VI of Plaintiff's second amended Complaint remain.

**IT IS SO ORDERED.**

**DATED this 4th day of January, 2006.**

                                                                s/Michael J. Reagan
                                                                **MICHAEL J. REAGAN**
                                                                 **United States District Judge**